CROW, *Appellant*, V. MEYERSIECK.

1. **Proceedings to Adjudge one a Lunatic, Notice of.** The notice to one of a proceeding against him in the probate court, to have him adjudged a lunatic and incapable of managing his affairs, corresponds to a summons in an ordinary action, and like the latter, forms a part of the record proper.

2. ———: RECITALS OF RECORD. A recital in the finding and judgment of the court that "due notice" of the proceeding had been given to the alleged insane person is sufficient in the absence of anything to the contrary in the record. But it is competent to contradict such recital by showing by the record that the notice attempted to be given was fatally defective and void.

3. ———: ENTRY OF GENERAL APPEARANCE. But notwithstanding such failure of notice, if the alleged insane person enters a general appearance to the proceeding, a judgment against him will be binding, at least not open to collateral attack.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

Crews & Booth for appellant.

(1) It was competent for appellant to introduce the notice and return of service under which the probate court acted, to show it acted without having first acquired jurisdiction of the person of appellant and that for want of jurisdiction all of its proceedings were void. R. S. secs. 1175, 1179 ; *Ib.*, secs. 1027, 1029 ; *Bateson v. Clark*, 37 Mo. 31; *Mortland v. Holland*, 44 Mo. 58. (2) The information in writing, and notice, were the jurisdictional papers. Jurisdiction must be shown by the whole record, and when it appears from it that the court has no jurisdiction either over the person or subject matter, the judgment rendered in such case is void. *Brown*

v. *Woody*, 64 Mo. 547, 551 ; *Howard v. Thornton*, 50 Mo. 291 ; *Lenox v. Clarke*, 52 Mo. 115.

*T. A. Lowe* for respondent.

(1)   The answer of respondent set up a complete defence to the petition, and if true, would bar a recovery, and the *onus* of proving the matters set up in the answer necessarily devolved upon the respondent.   Steph. Pl. 51 (8 Am. Ed.) ; *Kortzendorfer v. City of St. Louis*, 52 Mo. 204 ; 1 Greenl. Ev. sec. 556 (7 Ed.)   (2) The probate courts of this state have original and exclusive jurisdiction in the matter of appointing guardians of persons of unsound mind (R. S. 1879, sec. 1176), and although a court of limited jurisdiction, yet a court of record (R. S. 1879, sec. 1175), and the judgments of such courts are just as conclusive and import the same verity until reversed or set aside as courts of general jurisdiction.   Freeman on Judgments, secs. 122, 123, 524, 531. And the appellant was bound by the judgment.   Freeman on Judgments, sec. 152 ; *Heard v. Sack*, 81 Mo. 610. The appearance of appellant waived all defects as to jurisdiction, unless his appearance was for the purpose of pleading to the jurisdiction.   *Tower v. Moore*, 52 Mo. 118 ; *Hite v. Hunton*, 20 Mo. 286 ; *Rippstine v. Ins. Co.*, 57 Mo. 86 ; *Crear v. Clough*, 52 Mo. 55 ; *Griffin v. Van Meter*, 53 Mo. 430.

RAY, J.—This is an action for injuries to the person and property of plaintiff, in depriving him of his liberty, confining him in a lunatic asylum, failing to provide him while held in custody proper medical care and attention, and selling and disposing of his personal property.   The defence is a plea that the plaintiff was duly adjudged to be a person of unsound mind, and defendant appointed guardian of his person and estate by the probate court of Franklin county, and that as such guardian defendant

took charge of and confined appellant at the asylum and
sold the property, etc. Plaintiff contested the matter so
pleaded as a defence, on the ground, that the proceedings
of the probate court were void for want of jurisdiction of
the person of plaintiff. The defendant claimed, at the
trial, that under the pleadings the *onus* was on him to
establish the defence set up in the answer, and the
affirmative of the issue, thus asked, was given him and
he thereupon introduced in evidence the record of the
proceedings in the probate court, reciting the facts that
due notice of the application for an inquiry into the
mental condition of the appellant had been given, and
the appearance of the parties, and the finding that the
plaintiff was a person of unsound mind, and the order of
appointment of the defendant as guardian of the person
and estate of the plaintiff, the giving of bond by the de-
fendant as guardian, and the further finding that the
plaintiff was so furiously mad, and so far disordered in
his mind as to endanger his own person and the persons
and property of others, and the order of the court upon
defendant to convey plaintiff to the state lunatic asylum,
to remain until cured, or otherwise ordered, and to pay
all costs for the care, attention, board and clothing, and
other necessary expenses of the plaintiff from time to
time, as should become necessary under the circum-
stances, and that the information of the insanity of the
plaintiff was filed on the thirteenth day of June, 1881.
The defendant then rested and plaintiff, for the purpose
of showing that the probate court had not duly acquired
jurisdiction over the person of said M. S. Crow, defend-
ant therein, and that its said proceedings were, there-
fore, void, offered in evidence the original notice, upon
which said proceedings of said probate court were had,
together with the return of service of said notice en-
dorsed thereon. Upon objection to its admission in evi-
dence the same was excluded by the court. Whereupon
plaintiff took a nonsuit, with leave to set the same aside,

and after an unsuccessful motion for that purpose, brings the case here by appeal. The service of said notice and filing of said information, the inquest as to the insanity of said M. S. Crow by the jury, and the verdict in that behalf, and the order of the appointment of said Meyersieck as guardian, and the giving and approving of his bond as such, and the order of the court to said guardian to cause him to be conveyed to the state lunatic asylum upon a showing by said guardian that he was so furiously mad, or disordered, in his mind, as to endanger his own person, and the person and property of others, constituting the entire proceedings in the probate court in the matter of the insanity of said M. S. Crow were had, in the order named, upon one and the same day, to-wit: On the said thirteenth day of June, 1881.

It would seem that proceedings of this kind had been contemplated some six months before, and a notice then prepared, but that the matter was abandoned for the time being. At any rate, said notice of date January 20, 1881, was served on said Crow on said June 13, 1881, which stated that information in writing that he was of unsound mind and incapable of managing his affairs, would be filed in the probate court of Franklin county, on the twenty-first of January, 1881, which was an impossible date, and one long past, at the date of its service. The action of the court, in excluding this notice when offered by the plaintiff to show a want of jurisdiction, by the probate court, over the person of said Crow, is as already seen, the only question before us. The notice and information, in writing, in cases of this sort, where the court is proceeding by way of and upon information to hold its inquest of lunacy, unsoundness or incapacity of mind are jurisdictional papers. The notice corresponds to the summons in ordinary actions, and like the latter, forms a part of the record proper. The judgment offered in evidence by defendant contained a recital that "due notice" of the application had been given to said Crow, and this

recital is a finding of the court, and is to be held sufficient where the record is otherwise silent. The general finding and recital of notice in said judgment is, we think, to be construed in connection with the whole record, and will be limited and held to refer to the particular notice, if any, shown by other parts of the record, and generally if the notice attempted to be given, as the same appears by the record is fatally defective, there is under the authorities no presumption of notice in any other mode or manner. In this case, in making said general recital of due notice, the court in its said judgment is evidently passing on the void notice set out and declaring it to be due and sufficient notice. So that plaintiff's position is, we think, so far correct. The pretended notice was a part of the record, and when admitted with its infirmity apparent on its face, the general recital or assertion of due notice on the record was, as already said, thereby contradicted, and in this view a want thereof, we think, affirmatively appears upon the face of the record proper.

Nevertheless, as we shall see, its exclusion was not, we think, material and prejudicial error, requiring us to reverse the judgment. Other parties may waive objections to defective or void notices, and voluntarily appear, and thus come within the jurisdiction of the court of otherwise competent jurisdiction. And why, we ask, may not the plaintiff? Lunatics, it is true, are under disability and exempt from the force and effect of their contracts, but are within the control and jurisdiction of the courts. They may attend or appear in court by attorney. Judgments against them obtained in courts of competent jurisdiction are not void or voidable upon that ground and cannot be reversed in actions at law for that reason. Freeman on Judgments (3 Ed.) sec. 152, and authorities in note six. And in proceedings of this sort where the record of a court, having exclusive and original jurisdiction both as to persons and subject mat-

ter, recites the attendance or appearance of the party, and omits and fails to show such appearance was for the purpose of objecting to the jurisdiction, and fails and omits to show that any objection was made thereto by him, or in his behalf, is not such judgment of such a court in such case, in actions at law, binding and conclusive, and not subject at least to collateral attack? We think it is. Such is the state of facts presented by the present record. Although this is denied by plaintiff's counsel, who claims and so contends, that the record does not make mention of said M. S. Crow as a party or show his appearance the proceedings being *ex parte* and entitled simply "in the matter M. S. Crow, insane." But this view is not, we think, correct. The record is not silent in this behalf, but recites among other things, "now at this day come the parties," etc. When it thus recites, as it does, to whom and to what parties could reference be thus made unless to said M. S. Crow, whose insanity is the matter and subject of inquiry, and to the party or parties at whose instance the proceedings were had, and who became liable under the statute for the cost in the event of his discharge? These parties come, that is, are present and in attendance before the court. There is no allegation or claim made in the petition in this case, that said M. S. Crow was not actually in attendance at said trial before the probate court, and no proof offered from the record of said proceedings, or extraneously even, to contradict the said recital in this behalf, and the same is, we think, sufficient to show the appearance, and is a finding conclusive of that question.

Where no appearance is shown the notice would be admissible upon the question of what the whole record showed in this behalf, but its admission would be, we think, without value and its exclusion without prejudice to the party offering it in the face of a record not silent as to his said appearance, but affirming and asserting it, notwithstanding the want of said notice, which, as we

have seen, was the case here. It follows then that the court's said action in excluding said notice was not error materially and prejudicially affecting the action and requiring us to reverse the judgment, and for that reason its said judgment is affirmed. All concur.