THE STATE ex rel. MAY C. JOHNSTON v. HENRY S. CAULFIELD et al., Judges of St. Louis Court of Appeals.

**In Banc, November 14, 1912.**

1. **PROHIBITION: No Return: Facts Admitted.** 'Where respondents make no return to the preliminary rule in prohibition, the verified statement of facts in the application for the writ will be taken as the facts of the case.

2. ————: **Jurisdiction: Over Person: Right of Probate Court to Determine.** Where the information filed in the probate court states that a certain person therein is of unsound mind and incapable of managing his affairs and that said person is a resident of the county, and prays for an inquiry thereinto, the probate court has jurisdiction and the right to determine, upon a proper hearing, whether or not such person is a resident of the county; and no other court, upon the filing of a verified statement with it that said person is a resident of another county, has authority to prohibit said probate court from hearing and determining the question of said person's residence.

3. ————: **Costs: Against Judges.** The costs of a writ of prohibition directed only to judges of a court will be taxed against relator, though the preliminary rule be made absolute.

Prohibition.

WRIT ALLOWED

*T. J. Rowe, Thos. J. Rowe, Jr.*, and *Henry Rowe* for relator.

GRAVES, J.—Original action in prohibition, in which a preliminary rule was ordered against respondents, the judges of the St. Louis Court of Appeals.

Our rule to show cause was duly served, but the respondents have failed to make any return thereto. The case made by the application to this court thus runs:

On July 22, 1912, there was filed in the probate court of St. Louis, over which Hon. Robert L. Shackelford presides, the following document:

"To the Honorable Probate Court of St. Louis County, State of Missouri:

"The undersigned, May C. Johnston, wife of Rowland L. Johnston, hereby gives information and alleges the fact to be, that one Rowland L. Johnston, of the county of St. Louis, aforesaid, is a person of unsound mind and incapable of managing his affairs, and prays that an inquiry thereinto be had, according to the statutes in such cases made and provided. Informant further states that said Rowland L. Johnston is the owner of property of the value of about $1,000."

This was duly verified by the said May C. Johnston, in an affidavit thereunto attached.

On the 22nd day of July, 1912, one George B. Webster, purporting to act for the said Rowland L. Johnston, applied to the respondents herein, as judges of the St. Louis Court of Appeals, in vacation, for a writ of prohibition against the said Robert L. Shackelford, as judge of the probate court of St. Louis county, in which application it was charged that the said probate court was going to hear the application of the said May C. Johnston. It was further charged that the said Rowland L. Johnston was not a resident of St. Louis county, but a resident of the city of St. Louis. Respondents issued a preliminary rule against the said Shackelford, in which they stayed the hand of that court until respondents could finally hear the case and citing the said Shackelford to show why their said preliminary rule should not be made permanent.

At this juncture, on July 24, 1912, the relator, May C. Johnston, applied to this court for a writ of prohibition against the respondents, and our prelimi-

nary rule in prohibition was issued as first above indicated.

From the record it appears clearly that there were rapid moves on the checkerboard in this case. The complainant of May C. Johnston had no more than been lodged with the probate court before its hand was stayed by the rule of respondents.

Such being the facts, were respondents transcending their bounds in issuing their writ? We think so, and for reasons clearly apparent, and which no doubt become apparent to our learned brothers of the St. Louis Court of Appeals upon second thought. This no doubt accounts for their failure to make return.

In the absence of a return we must take the verified statement of facts in the application to this court for the writ, as the facts of the case. But we need not go into those facts extensively with the views we entertain as to the law. According to the petition filed here, May C. Johnston filed the information set out above, in the probate court of St. Louis county, on July 22, 1912; that the judge of the probate court set the matter down for a hearing upon July 27, 1912; that immediately and on the said 22nd day of July, the application to the respondents was made, and their rule issued as aforesaid.

From the facts there had been no hearing by the probate court. By the information it is clearly charged that Rowland L. Johnston was "of the county of St. Louis," and was the owner of property. This allegation gave the probate court jurisdiction, at least to hear and determine its own jurisdiction, if such became a disputed matter. The probate court was never given this opportunity. Taking the allegations of the petition for prohibition in the St. Louis Court of Appeals, it appears that the question in contest was whether or not Rowland L. Johnston lived in St. Louis county or in the city of St. Louis. This was a question of fact, the determination of which would determine

the jurisdiction of the probate court of St. Louis county. That court had the right to determine its own jurisdiction, when such jurisdiction was dependent upon facts. This we clearly ruled in Banc in the case of State ex rel. Crouse et al. v. Mills, 231 Mo. l. c. 500, where we said:

"Where the jurisdiction of the probate court is dependent upon the facts of the person being within the territorial jurisdiction of the court, a writ of prohibition will not lie to prevent the probate court from investigating the necessary facts to determine its own jurisdiction, nor could prohibition be granted to prevent an entry of the court's judgment whether that judgment be right or wrong, as to the jurisdiction over the person. In other words, if the law determines the right of a court to entertain or not entertain jurisdiction of a case, then prohibition will lie, but if jurisdiction is contingent upon facts, unless such facts be admitted and not disputed, the lower court has the right to determine its jurisdiction from the facts before it."

So we say in the case at bar. The information on file in Judge Shackelford's court charged that the alleged insane person was within the jurisdiction of his court. Whether he was in such jurisdiction was a question of fact to be determined by the probate court upon a proper hearing. Prohibition will not lie to stop the judge of probate from determining the question of fact as to his jurisdiction. By their writ respondents are seeking to do this, and in so doing are exceeding their authority and powers. [State ex rel. v. Mills, supra, and cases cited therein.] It follows that the permanent and final writ of prohibition should go in this case, and it is so ordered.

Under the practice of this court in cases of this character, the costs will be taxed against relator. All concur.