BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1916.

STATE OF MISSOURI at the Relation of NELLIE D. Finch, Relator, v. A. B. DUNCAN, Judge of Probate Court of Buchanan County, Missouri.

Kansas City Court of Appeals, January 29, 1917.

1. **PROHIBITION: Jurisdiction: Probate Court: Insanity Inquisitions: Notice: Service by Informant.** The notice which the statute requires in an insanity inquiry takes the place of a summons and, without it, the inquiry is void. Since the informant is liable to pay costs if the insane person be discharged, he is an interested party to an advisory civil action. And under both the common and statute law, a party to the suit cannot serve the summons, hence an inquiry proceeding based upon notice served by the informant is void, and such service confers no jurisdiction over the person so as to authorize the court to render judgment therein.

2. ———: ———: ———: ———: ———: ———. The probate court has no jurisdiction to inquire into person's sanity unless he is a resident of or is within the county; and where it appears that the insance person is a non-resident, and the probate court is proceeding with the case without ascertaining the fact of residence, prohibition will issue.

3. ———: ———: ———: ———. If the court, upon contested issues, decides them and finds the fact to be such as confers jurisdiction, such determination, if erroneous, is not usurpation which will authorize prohibition, but is only error, to correct which the one aggrieved must seek some other remedy.

(541)

4. ———: ———: ———: ———: **Pleading: Motion for Judgment on Pleadings: Presumptions.** In prohibition, a motion for judgment on the pleadings is decided upon the presumption that all the material facts properly pleaded in the opposite party's pleading are true, and the allegations made by the pleadings of the mover of the motion must be wholly disregarded.

5. ———: ———: ———: ———: **Premature Application.** An application for prohibition cannot be regarded as premature even though the court sought to be prohibited has taken the case before it under advisement, where everything indicates that the court intends to proceed to judgment.

Original Proceeding for Prohibition.

MOTION FOR JUDGMENT OVERRULED.

*Frank M. Lowe* for relator.

*Broaddus & Crow* for respondent.

TRIMBLE, J.—This is an original proceeding in prohibition. Relatrix seeks to prohibit respondent as judge of the probate court of Buchanan county, Missouri, from proceeding further with an inquiry into her sanity, adjudging her of unsound mind and appointing a guardian to take charge of her and her property.

Relatrix' petition set up that on August 26, 1916, she was a resident of Jackson county, Missouri, and on that day brought suit for divorce against her husband, Thomas C. Finch, a deputy sheriff of Buchanan county, Missouri, and that on the same day her said husband filed an information in the probate court of Buchanan county alleging that relatrix was a resident of that county and a person of unsound mind and praying that an inquiry be had into her sanity. Relatrix further alleged that respondent summoned a jury which was empaneled and sworn and witnesses were heard in regard to the sanity of relatrix and said jury thereafter returned a verdict finding her to be of unsound mind, and that upon said verdict respondent, unless prohibited, would proceed to appoint a guardian of the person and property of relatrix. It was then alleged that said pro-

bate court had no jurisdiction over relatrix in said matter for two reasons: 1. Because relatrix was not, at the time of the filing of the information for an inquiry into her sanity, a resident of Buchanan county, but was and is a resident of Jackson county, Missouri. 2. Because said inquiry was had before the jury without any notice having been first served upon relatrix.

Respondent's return admitted and stated, among other things, that on the 26th day of August, 1916, Thomas C. Finch filed said information and that on the same day respondent, as Judge of said probate court, issued notice to Nellie D. Finch, relatrix herein, to appear on September 12, 1916. Said return also alleged that said notice was duly and regularly served upon her more than ten days prior to the hearing and inquiry; that before such hearing was had but after said notice was served, Nellie D. Finch, appeared in the probate court, by her attorneys, and filed motion to quash the notice and return of service on the ground that no notice had been served upon her; that after a full hearing was had by the court upon said motion to quash, the same was overruled by the court. The return further set up that after the motion to quash was overruled, a venire for a jury was issued, a jury was duly and regularly summoned, empaneled and sworn, but that thereafter relatrix did not appear at the trial of said inquiry; that the court having found that notice had been duly served more than ten days prior to the date of inquiry, said inquiry was had and the jury returned a verdict finding Nellie D. Finch to be a person of unsound mind and incapable of managing her own affairs, and thereupon the court ordered the case taken under advisement.

The return further set up that relatrix did not offer any evidence at any time tending to show that Nellie D. Finch was a resident of Jackson county or of any place other than Buchanan county, Missouri; and that all of the evidence introduced in the probate court showed, and without contradiction proved, that Nellie D. Finch, at the time of the institution of the proceeding, was and is a resident of Buchanan county.

The return further set up that prior to the filing of the petition for prohibition, the probate court, found and adjudged, from all the evidence, that service of notice was duly and regularly had upon Nellie D. Finch, and also found that she was a resident of Buchanan county; and the return alleges that she was, in fact, a resident of said county, and that the orders and judgment of the probate court became final judgments long prior to the filing of the petition for prohibition.

To this return, relatrix filed a reply which admitted that an information was filed; that a notice was issued; that a return of service was made thereon; that relatrix, limiting her appearance to the purposes of the motion only, filed a motion in said court to quash said notice and return; that evidence on said motion was heard and said motion was overruled; that relatrix did not further appear in said court; that the court thereupon issued a venire for a jury and said jury heard the evidence and returned a verdict declaring relatrix to be of unsound mind; that said court thereupon made a certain order (setting it out in full). This order recited the appearance of informant, the coming of the jury, the finding that notice had been duly served, the hearing of the evidence, the return and reception of the verdict, and the order directing the cause to be taken under advisement. Nothing is said in this order about the residence of the person whose sanity was being inquired into, and no finding whatever in regard to residence is shown in said order or in any of the orders made by the probate court and brought to our attention in the reply. Relatrix' reply further asserted that, in the hearing on her motion to quash said notice and return, no issue of residence was made and no evidence was heard on that feature; and that no issue as to the residence of relatrix was ever made at any time and no evidence was heard by respondent on that question, nor was the question of residence adjudicated by any finding of respondent.

Said reply further set up that Thomas C. Finch, the informant in the information which was the basis of the inquiry into relatrix' sanity, is the husband of said Nel-

lie D. Finch, the relatrix, and is the same person who made return of service on the notice in said inquiry proceeding. The reply then set out said notice in full together with the returns thereon, one of them reciting that the sheriff of Buchanan county, by Thomas C. Finch Deputy, served said notice in Jackson county by delivering a true copy to Nellie D. Finch on September 2, 1916, and the other being the affidavit of Thomas C. Finch, as an individual, that ''he served the within notice by delivering a true copy thereof to Nellie D. Finch personally on September 2, 1916.'' The reply then asserted that said return was false and made for the purpose of deceiving the court; and that the return of service was void on its face:

After the reply was in, the respondent filed a motion for judgment on the pleadings, and the case is now before us for consideration on this motion.

As hereinabove stated, the grounds upon which rela-trix claims the probate court has no jurisdiction are first, that she was not a resident of Buchanan county, but of Jackson county, at the time the information was filed; second, that no notice of said proceeding was served upon her, and the record of the pretended service shows on its face that it is void and, therefore, in law, constitutes no notice. It is true, the extraordinary remedy by prohibition is never allowed to usurp the functions of a writ of error or of *certiorari,* and cannot be employed to correct the errors of inferior tribunals. [State ex rel. v. Burckhartt, 87 Mo. 533.] ''If the existence or non-existence of jurisdiction depends upon contested facts which the inferior tribunal is competent to inquire into and determine, prohibition will not be granted.'' [Coleman v. Dalton, 71 Mo. App. 14, l. c. 24.] It is a proper exercise of the judicial powers of every tribunal to decide questions of its own jurisdiction, where they rest upon contested facts, and even though such tribunal may err in that determination, yet that is not usurpation but *error,* to correct which the person aggrieved must seek a remedy other than by prohibition. [State ex rel. v. Seay, 23 Mo. App. 623,

630; State ex rel. v. Mills, 231 Mo. 493; State ex rel. v. Caulfield, 245 Mo. 676.] And respondent invokes this well established rule in answer to relatrix' contentions and in support of the motion for judgment. But a motion for judgment on the pleadings must be dealt with on the assumption that all material facts properly alleged in the opposite party's pleadings are true. [State ex rel. v. Simmons Hardware Co., 109 Mo. 118; State ex rel. v. Bradley, 193 Mo. 33, 38; State ex inf. v. Missouri Pacific R. Co., 241 Mo. 1.] Now, with reference to relatrix' first ground for the writ, it will be observed that the case stands before us on the pleadings in this shape: The petition alleges that relatrix was not a resident of Buchanan county but resides in Jackson county. The return denies this and also says the question of her residence was considered and the probate court decided that she was a resident of Buchanan county. The relatrix' reply, however, says the court in said inquiry heard no evidence as to residence, and made no investigation into that feature of the case; and in support of that charge, the reply brings forward the record entries made by the probate court, which disclose no statement or finding as to residence. Therefore, by and through the motion for judgment on the pleadings, it stands admitted that relatrix is a resident of Jackson county and that the probate court did not examine into and determine the place of her residence but proceeded to empanel a jury and inquire into relatrix' sanity without ascertaining where she resided. In other words, it stands admitted by the motion that, as a matter of fact, relatrix is *not* a resident of Buchanan county and that the probate court proceeded with the inquiry into her sanity, and is proceeding therein, *regardless of that fact.* If relatrix was not a resident of Buchanan county, the probate court of that county had no jurisdiction to investigate her sanity; and if the court proceeded to inquire into her sanity without considering or ascertaining whether she resided there or not, and *regardless of the place of her residence,* then there is no room for the application of the above mentioned rule invoked by re-

spondent, namely, that prohibition will not lie where the existence or non-existence of jurisdiction depends upon *contested* facts which the inferior tribunal is competent to inquire into and determine. It being admitted by the motion that relatrix' residence was not in Buchanan county and that no investigation or decision of the matter of residence was had by the probate court, it would seem that, so far as the consideration and disposition of the motion is concerned, the said court is attempting to proceed in the absence of a fact upon which its jurisdiction depends and in disregard thereof. It follows that the motion for judgment on the pleadings should be denied: Even if it be true, as counsel for respondent seems to imply, that it is not necessary for the record of a probate court to contain an affirmative finding of residence because the fact that the court called a jury and proceeded with the inquiry necessarily implies that the court did, in fact, find relatrix to be a resident of that county, still that cannot change the situation. For the reply denies that any finding was had and there was no showing otherwise, except the statement in respondent's return that the question of residence was considered and determined. But the allegations in the pleadings of the mover of the motion cannot be considered. The facts well pleaded in the opposite party's pleadings are all that can be regarded and those facts must be taken as true. In addition to this, the roll record of the probate court shows on its face that whatever service of notice there was, if any, was had upon relatrix *in Jackson county,* and the petition of relatrix states' (and this the motion also concedes), that, on the day the information was filed in the probate court, she was *in* Jackson county, was a resident thereof, and had brought suit for divorce therein. In view of the recital in the roll record that service was had in Jackson county, it would seem that this would call for an affirmative finding, duly entered upon the records, that the relatrix was, in fact, a resident of Buchanan county, if the court did investigate the question of residence and find it to be in Buchanan county. The necessity for an express

finding would seem to be imperatively required in the circumstances stated because the court can speak only by its record and has no jurisdiction to maintain an inquiry into a person's sanity unless such person is a resident of that county or at least is *"in* its county." [Sec. 474, R. S. 1909.] But, however this may be, the reply states there was no finding on the subject of residence, the record of the probate court does not show to the contrary and both relatrix' petition and the roll record of the probate court, reciting service of notice upon her in Jackson county, show that, at the time the information was filed, relatrix was personally not *in* the county. With all these facts standing admitted by the motion, we are unable to find support for the contention that the motion should be sustained and judgment rendered for respondent on the pleadings.

It was urged in oral argument that since the probate record shows that, upon the reception of the verdict, the court took the case under advisement, the application for prohibition was premature, since it must be presumed that the court will render the proper judgment and that, if it has not investigated the question of Mrs. Finch's residence it will do so, and if it finds that she is not a resident of Buchanan county, it will then dismiss the inquiry proceeding. If this is a matter for consideration under the motion for judgment, still the trouble with the contention raised is that if Mrs. Finch was not a resident of Buchanan county, the court had no authority to even call or empanel a jury, and, by calling it and receiving its verdict and entering same on the records, the court has plainly indicated its intention to proceed to the logical result of the verdict, namely, to render judgment declaring her to be of unsound mind and to appoint a guardian for her person and her property. The petition alleges that this is what the court purposes and intends to do unless prohibited, and this also is admitted by the motion. True, the court has the power to set aside its orders at any time, but, under the admissions of the motion, there is no room for the view that it will do so.

The other ground of relatrix' application is that there was no notice of the inquiry proceeding and, therefore, the court was without jurisdiction to proceed with the inquiry. Upon the first submission of this case the writer viewed this contention of relatrix as being based solely on the ground that, as *a matter of fact,* notice was not served upon her; that is, that she denied that notice was *in fact* served upon her, when the court found as a *fact* that she was served. In this view of the matter, such contention would come squarely within the rule invoked by respondent and hereinbefore mentioned, namely, that prohibition will be denied where the want of jurisdiction in the tribunal sought to be prohibited is based upon the asserted non-existence of a fact which has been adjudicated by the tribunal and found to exist in favor of its jurisdiction.

Relatrix' pleadings do deny the *fact* of service and assert that the return of service shown on the notice is *false* and made for the purpose of deceiving the probate court. But, after a rehearing of the case and a reconsideration thereof, we are of the opinion that, in addition to relatrix' claim of the non-existence of service as a *fact,* she also pleads (though it is not as clearly as stated as it might be), that the probate court was without jurisdiction to proceed with the inquiry because the record as to service shows on its face that such service as therein appears is not notice *as a matter of law.* In other words, her contention also is that while the record of the probate court as to the filing of the information, the empaneling of the jury and the return of the verdict etc., recites that "it appearing to the court that notice had been duly served" etc., this recital is contradicted by the roll record which shows on its face that the service referred to *is not a service that the law will permit, or recognize, or tolerate.*

In considering this question it will be well to state what the roll record of the probate court shows in regard to notice and service thereof as appears from the allegations of the pleadings on both sides.

The notice issued by the court (corresponding to process in other cases) was returned into court with the following return endorsed thereon:

"I hereby certify that I served the within notice in Jackson county, Missouri, on the 2d day of September, A. D. 1916, by delivering a true copy of said notice to the within named defendant, Nellie D. Finch.

"C. H. JONES, Sheriff,

"Fee $1.00  By THOMAS C. FINCH, Deputy Sheriff."

With matters standing thus, the relatrix appeared in court by her attorneys, and, limiting appearance for the purposes of the motion only, moved to quash the return as being false in fact and also void in law. Before the motion to quash was ruled on, Thomas C. Finch, the deputy who made the said return and who, as stated, is the husband of relatrix and also the one who signed and swore to the information, attached to said notice his personal affidavit to the effect that he "served the within notice by delivering a true copy thereof to Nellie D. Finch personally, on the 2nd day of September, 1916." This affidavit was sworn to before the clerk of the probate court on September 13, 1916. Thereupon, the court, on said date, overruled the motion to quash by an entry of record as follows:

"Now here the motion to quash service heretofore filed on the 12th day of September, 1916, it is now here by the court taken up and considered and said motion is by the court overruled."

There was no appearance in the probate court other than the one limited to the motion to quash, and the allegations in both the return and reply show that the probate court record as to notice and return of service is as above stated. And, so far as the *record* of the probate court discloses, the showing made by the two returns of service is what is relied upon when it is later on recited that "notice had been duly served." In other words, while the last order made recites that service was had on Mrs. Finch, the record in the proceeding shows the character of the service referred to. If, therefore, the service, as shown by the roll record, amounts in law to

*no notice,* then the recital in the final record is over-thrown by the showing in the record preceding such re-cital. [Cloud v. Pierce, 86 Mo. 357, 367; Adams v. Cowles, 95 Mo. 501; Laney v. Garber, 105 Mo. 355, 359; Williams v. Monroe, 125 Mo. 574; Kunzi v. Hickman, 243 Mo. 103, 118.] Such a general finding and recital of notice in a judgment is "to be construed in connection with the whole record, and will be *limited and held to refer to the particular notice,* if any, shown by other parts of the record, and generally if the notice at-tempted to be given, as the same appears by the record is fatally defective, there is under the authorities no presumption of notice in any other mode or manner." [Crow v. Meyersieck, 88 Mo. 411, l. c. 415.] The ques-tion then recurs: Is the notice, as disclosed by the en-tire record of the inquiry proceeding, such as the law will regard as constituting any notice whatever?

Although the statute, section 476, merely says the person "must be notified" yet this means that written notice must be served upon him and such notice is a 'jurisdictional paper' and "corresponds to the summons in ordinary actions." [Crow v. Meyersieck, supra.] It has the force of a summons, and, without notice, an in-quiry into sanity is void. [Hunt v. Searcy, 157 Mo. 158, 176.]

Considering the notice as process the same as in civil actions, the return of service by the sheriff of Buch-anan county, per his deputy, on Mrs. Finch in Jackson county, is not valid but void, since a sheriff has no au-thority to serve process outside his own county.

Does the service of notice by the one who filed the information, who starts the inquiry, who, in effect, oc-cupies the position of plaintiff in the case, and who is liable for the costs in the event the inquiry is not sus-tained, constitute such notice as the law will recognize in a matter of this kind? An inquiry into sanity is one of the gravest actions that can be brought against a citi-zen or which can affect him. It has to do with both his liberty and the right to possess and control his property. Notice of such a proceeding is not like a notice of some

mere incidental step taken in an action after the latter has been duly brought and the person proceeded against is already in court. In sanity inquests notice is the foundation of the court's right to proceed with the inquiry. It is jurisdictional. And the inquiry proceeding is an adversary civil action and not an *ex parte* matter, and notice is indispensable unless waived. [State ex rel. v. Guinotte, 257 Mo. 17.].

Section 481, Revised Statutes 1901, provides that if the person alleged to be insane shall be .discharged, the person at whose instance the proceeding is had shall pay the costs. This, of itself, makes the informant an interested party. Now, in civil actions it has never been the policy of the law, either statutory or that known as the unwritten or common law, that the person who brought the action and was interested therein should be allowed to also serve the process and make return thereof. Our statute, section 11218, Revised Statutes 1909, provides that when the sheriff, whose duty it is to serve process, is a party or is interested in the suit, related to or prejudiced against any party or is in any way disqualified, the coroner shall serve and execute all writ and processes and perform all the duties of the sheriff. So that even in the case of an ordinary civil action, involving no more than a mere civil liability for a limited sum of money, and where the regular process server is an official under heavy bond for the faithful performance of his duties, still the statute will not permit him to act in a case where he is plaintiff or is interested in the outcome of the suit. And the same is true at common law. According to Blackstone, it is the duty of the sheriff to execute all process issuing from the king's court of justice, and that "when just exception can be taken to the sheriff for suspicion of partiality (as that he is interested in the suit, or of kindred to either plaintiff or defendant), the process must then be awarded to the coroner instead of the sheriff." [1 Black Com., pp. 344, 349.] If an *official who is under bond,* is not allowed to serve process as the foundation of a suit in which he is interested or is a party, how much less should a private

person, who is a party to the proceeding and interested in the outcome thereof, be allowed to serve the foundational notice or process therein and make return by attaching an affidavit thereto?

But it is said the statute makes no provision as to the manner of service, and section 10185, Revised Statutes 1909, in relation to notices required by statute, says that unless such statute shall expressly direct a different method of service, "the delivery of a true copy of such notice to the person intended to be notified . . . shall constitute a valid and sufficient service of notice." This points out the method of service and directs how it shall be done, but it says nothing about who shall make the service, nor does it introduce any change in the policy of the law, either statutory or common, that a party plaintiff, or one interested in the suit, shall not be allowed to serve the jurisdictional process in the case. Section 1791, Revised Statutes 1909, providing that service of any "notice required by this chapter" may be made by any person who would be a competent witness, who shall make affidavit to such service, is, as it states, dealing with notices called for in that *chapter*, and they are notices arising in the course of a proceeding and not the notice required as the foundation of the suit. Since the statute governing insanity inquiries says nothing about the manner or method of service or who shall serve the notice, it would seem that recurrence must be had to the common law governing the service and return of jurisdictional process. And that, as we have seen, frowns upon and guards against the service by a party to the suit or one interested in the outcome.

It is not a question of whether Mr. Finch in this case is or is not acting honestly and with the best of motives, nor of whether he did or did not deliver a copy of the notice to Mrs. Finch as the attempted return on the notice states. The question is whether or not the law can regard service of jurisdictional notice, by one who is the moving party to a cause and interested in the outcome, as any service or notice at all. To recognize the validity of such notice in this case will give validity

to it in all other cases of like character. It would open the way and make it more easily possible for designing persons to railroad another into guardianship and perhaps worse, and to deprive him of his liberty and property without an opportunity to be heard. Consequently, it is not an error of *fact* against which this particular feature of relatrix' application for a writ of prohibition is directed, but, if we are right in our view, it is an error of *law* in holding that to be notice which is not notice, when viewed in the general light of the law's fixed and settled policy. If the so-called notice on which the inquiry is based is in law *no notice*, then the error of considering it as notice is not only an error of law, but one going to the jurisdiction of the probate court to maintain the inquiry and not a mere irregularity or defect thereof. In such case prohibition will lie. [23 Am. & Eng. Ency. of Law (2 Ed.), p. 202; Carter v. Bolster, 134 Mo. App. 135.]

The motion for judgment on the pleadings is overruled. All concur.