STATE OF MISSOURI, at the Relation of FRED-ERICKA HOLTHAUS, Relatrix, v. CHARLES W. HOLTCAMP, Judge of the PROBATE COURT of the City of St. Louis, and ELMO G. HOLTHAUS, Respondents.*

St. Louis Court of Appeals.    Opinion filed November 3, 1925.

1. **PROHIBITION: Sanity Inquiry: Probate Court: Jurisdiction of Person: Power of Court to Decide: Writ Will Not Lie to Correct Error.** In a sanity inquiry while the question as to whether the party charged was in fact a resident of the city of St. Louis, or was a nonresident of the State of Missouri, was a question of fact, it was a judicial fact which it was the duty of the probate court to determine, then, although the court may have erred in deciding such fact, the writ of prohibition will not lie to correct that error.

2. **INSANE PERSONS: Sanity Inquiry: Probate Court: Jurisdiction of Person: Power of Court to Determine.** In view of sections 444 and 449, Revised Statutes 1919, a petition for a sanity inquiry lodged in the probate court, alleging that the party charged was in the city of St. Louis, and by appropriate averments, prayed for an inquiry into her sanity, charging that she was incapable of managing her affairs, and that she owned property in the State of Missouri, giving its value, gave the probate court of the city of St. Louis jurisdiction to hear evidence and determine its own jurisdiction in that case.

3. ———: ———: **Notice.** In a sanity proceeding (where prompt action is often necessary) the law requires only that a reasonable notice of the hearing should be given the party charged.

4. **PROHIBITION: Sanity Inquiry: Reasonableness of Notice: Not Determined on Prohibition.** In a sanity inquiry, whether or not the notice of hearing given to the party charged was reasonably sufficient, is not a question for the appellate court to determine on prohibition.

5. **INSANE PERSONS: Sanity Inquiry: Notice of Hearing: Sufficiency.** The service of notice of hearing in a sanity inquiry issued by the clerk of the probate court directly to the person legally authorized to serve such notice in the county and state where the alleged lunatic was found, and served three days prior to the hearing, *held* sufficient.

6. **PROHIBITION: Sanity Inquiry: Appellate Court Not Empowered to Review as on Appeal.** The appellate court is not empowered in a prohibition proceeding to review a sanity inquiry case as on appeal.

---

\*Headnotes 1. Prohibition, 32 Cyc., p. 605; 2. Insane Persons, 32 C. J., Section 183; 3. Insane Persons, 32 C. J., Section 187; 4. Prohibition, 32 Cyc., p. 629; 5. Insane Persons, 32 C. J., Sections 188, 189; 6. Prohibition, 32 Cyc., p. 614.

## Prohibition. Original Proceeding.

PRELIMINARY RULE DISCHARGED.

*Frederick A. Wendt* and *A. C. Beste* for relatrix.

*Campbell Allison* and *Jos. S. Schroeder* for respondents.

DAUES, P. J.—This is an original proceeding by prohibition. Our preliminary rule having issued, respondents filed a return in the nature of a demurrer to the petition for the writ, and thus we have the issues made. The situation may be stated, briefly, as follows:

The respondent Holtcamp is Judge of the probate court of the city of St. Louis, Missouri. On February 6, 1925, respondent Elmo G. Holthaus filed an information before said probate court alleging that relatrix Fredericka Holthaus was in the city of St. Louis, and by appropriate averments prayed for an inquiry into her sanity, charging that she was incapable of managing her affairs and that she owned property in the State of Missouri of the value of about $3000. The information was verified, and on the same day the probate court entered of record an order for notice, directing the summons or notice to the sheriff of Jackson county, Illinois, the relatrix being at that time in Murphysboro, in said county, in the State of Illinois. The notice was issued by the court on February 6, 1925, and was served on relatrix by the sheriff of Jackson county, Illinois on February 10, 1925. This notice, proper in form, denominated Friday, February 13, 1925, at ten o'clock A. M., as the day upon which the hearing was to be held in the probate court in the city of St. Louis, Missouri. The sheriff's return shows that relatrix was served on February 10, 1925, by delivering a true copy of the petition and summons to her. Relatrix ignored the summons, and on February 13, 1925, the probate court, with the aid of a jury, held an inquiry into the sanity of relatrix, which resulted in the finding that relatrix was of unsound mind and incapable of managing her affairs. On the same day, respondent Elmo G. Holthaus was appointed guardian of the person and estate of relatrix. Holthaus duly qualified and has since acted as guardian of the relatrix and took charge of her property situated in the city of St. Louis. The petition for the writ of prohibition was filed on May 4, 1925.

It is the position of relatrix that all the proceedings had in the probate court are null and void and of no effect and in excess of the jurisdiction of said probate court, for the reasons.

*First*: That the information in the original proceedings does not allege that relatrix is a "non-resident of the State," nor that "she owns property in the city of St. Louis liable to waste, etc.," nor that she "is in lawful custody of some responsible person, or is the husband or wife of one who owns property in such city which he desires to convey free of the courtesy, dower or other marital rights of such husband or wife."

*Second*: That at the time of the filing of the information for a sanity test the relatrix for a period of three years resided in Jackson county, Illinois, and that the information charged that relatrix was "of the city of St. Louis," and therefore the probate court had no jurisdiction of the relatrix under section 444, Revised Statutes of Missouri 1919, since that statute applies only to an information that charges that the person whose sanity is inquired about must be a person in the county where the probate court is situated.

*Third*: That the application for guardianship filed by respondent Holthaus is false and fraudulent, in that the relatrix was at all times mentioned in the proceedings a resident of the state of Illinois and not a resident of the city of St. Louis, Missouri.

*Fourth*: That the notice of the hearing was unreasonably short, in that the distance from Murphysboro, Illinois, where relatrix was summoned, is 125 miles from the city of St. Louis, the notice being served on February 10, 1925, and the hearing having been held on the 13th day of said month, and,

*Fifth*: That there was an attempt to raise a constitutional question which, if really present, would deprive us of jurisdiction in the case, but this seems to be abandoned.

We discuss only those questions which are necessary for a proper determination of the case. The probate court is given jurisdiction in this kind of cases by sections 444 and 499 of our statutes. Under the former section the proceedings are brought where the alleged insane person is found in the county where the proceedings are held, and under the latter section where such insane person is a non-resident of the State. At any rate, the question as to whether relatrix was in fact a resident of the city of St. Louis, or was a non-resident of the State of Missouri, was a question of fact. It was a judicial fact which it was the duty of the probate court to determine. If such fact of residence was one to be judicially determined by the probate court, then although the court may have erred in deciding such fact, that is, whether relatrix was a resident of the city of St. Louis or was a non-resident, our writ of prohibition will not lie to correct that error. The petition for a sanity inquiry lodged in the probate court alleging that relatrix "of the city of St. Louis" had property in this city, together with other appropriate averments, gave the probate court jurisdiction to hear evidence and determine its own jurisdiction in that case. This position, we think, is sustained in State ex rel. v. Caulfield, 245 Mo. 676, 150 S. W. 1047, and State ex rel. v. Mills, 231 Mo. 493, 133 S. W. 22, and a long line of authorities.

In the Mills case, our Supreme Court, en banc, reaffirmed this principle. In that opinion it is said that the probate court has jurisdiction over the subject-matter of a lunacy inquiry, and where its jurisdiction over the person of the one alleged to be insane is dependent on that person's being present within its territorial jurisdiction a writ of prohibition will not lie to prevent the probate court from investigating the necessary facts to determine its own jurisdiction over the person; nor can prohibition be granted to prevent the entry of the court's judgment whether it be right or wrong. Where the jurisdiction depends upon facts, the probate court has the right to determine its jurisdiction from the facts before

it, and prohibition will not lie unless the facts are admitted or are not in dispute. It is further held that it is to be presumed that the probate court inquired into its own jurisdiction and passed upon the truth or falsity of the affidavit alleging that the insane person was a resident of the county, and having entered a judgment adjudging her to be insane, a writ of prohibition will not lie to uproot that judgment or declare it invalid.

In the Caulfield case, supra, the petition for a lunacy hearing, filed in the probate court of St. Louis county, alleged that the insane person was a resident of that county. The probate court set the matter for hearing. The husband, the person alleged to be insane, applied to this court for a writ of prohibition, alleging that he was not a resident of St. Louis county but was a resident of the city of St. Louis. This court issued a writ of prohibition. The wife, who instituted the proceedings in the probate court, then applied to the Supreme Court for a writ to prohibit this court from proceeding with its writ of prohibition, and in that case the Supreme Court, again en banc, decided that where the information filed in the probate court states that a certain person in said county is of unsound mind and is incapable of managing his affairs and prays for an inquiry, the probate court has jurisdiction and the right to determine upon a proper hearing whether or not such person is a resident of that county and that no other court, upon the filing of a verified statement that such person is not a resident of the county alleged but is a resident of some other county, has authority to prohibit said probate court from hearing and determining the question of such person's residence. The court said that whether such person was within the jurisdiction of the probate court was a question of fact to be determined by the probate court upon a proper hearing and that prohibition will not lie to stop the action of the probate court from determining the question of fact as to its jurisdiction, and so this court was prohibited from arresting the proceeding in the probate court.

Learned counsel for relatrix strenuously argue that the case of State ex rel. v. Duncan, 195 Mo. App. 541, 193 S. W. 950, is decisive of this question. What that case decided was that prohibition will lie against the probate court in a case where such court attempts to proceed in a lunacy inquiry where there was no legal service on the defendant. There the service was held to be illegal because the deputy sheriff of one county attempted to make the service in another county where he had no legal authority to serve processes, and, further, that the deputy sheriff who served the writ was the same person who made the affidavit charging that his wife was an insane person, and hence was an interested party therein.

Counsel for relatrix further call our attention to the case of State ex rel. v. Hodgdon, 251 S. W. 131, wherein this court very recently prohibited the probate court from proceeding with a sanity hearing. That case turned on the question as to whether there was any legal notice given the person about whom the sanity inquiry was held. The notice in that case failed to inform such person of the day upon which the hearing was to be held; it did not specify his right to be present at the hearing and be assisted by counsel. This was a mandatory requirement of the law, and the probate court in that case attempted to proceed upon what in law was no notice at all, and we held that the lower court acquired no jurisdiction and prohibited the probate court from proceeding further. The question there was one of the legal jurisdiction and not one upon the question as to whether the court properly determined a judicial fact which it was the duty of the court to determine.

What we have said above applies as well to the argument that the notice in this case was too short. Relatrix seems to rely upon the idea that she should have been given twenty to thirty days' notice before the beginning of the term of the probate court. In this character of a proceeding (where prompt action often is necessary) the law requires only that a reasonable notice

of the hearing should be given the party charged. Whether the notice in this case was reasonably sufficient is not a question at this time for our determination. The court, under all the facts and circumstances attendant, found that enough time had been given the alleged lunatic to appear.

In this case the record discloses that service of the notice was in conformity with the requirements of the law. It was issued by the clerk of the probate court directly to the person legally authorized to serve such notice in the county where the alleged lunatic was found —in the State of Illinois. The notice was served on February 10th and the hearing was had on February 13, 1925. It would seem that counsel for relatrix at Murphysboro, Illinois, concluded that the service was not legal, as relatrix did not appear on the day set for the hearing, and the probate court then submitted the question of the mental incapacity of relatrix to a jury. No steps were taken for a rehearing of the matter, nor was an appeal taken from the action of the probate court, nor has she asked for a release from the judgment on the ground that she was in possession of her faculties and able to manage her affairs. These remedies at law she did not and does not avail herself of, but seeks to erase the whole procedure of the administration of her estate by this extraordinary writ of prohibition. If an injustice has been done in this case it may be remedied, but we are not empowered in this character of a proceeding to review the case as on appeal.

We therefore conclude that our preliminary rule of prohibition was improperly issued and should be discharged. It is so ordered. *Becker* and *Nipper, JJ.,* concur.