STATE EX REL. CHARLES H. ANDERSON, RELATOR, v. E. E. KIRKLAND, JUDGE, ETC., RESPONDENT.—55 S. W. (2d) 697.

Kansas City Court of Appeals. December 12, 1932.

*James S. Simrall, Francis E. Howe* and *Ellison & Dabbs* for relator.

644

*Alan F. Wherritt* and *L. C. Harper* for respondent.

BLAND, J.—This is an original proceeding in prohibition by which relator seeks to prohibit the Honorable E. E. Kirkland, Judge of the Probate Court of Clay County, Missouri, from proceeding further with an inquiry into his sanity.

Our preliminary writ of prohibition has been issued. Respond ents have made their return and relator has filed a motion for judg- ment on the pleadings. Under these circumstances, the facts s⸍ forth in the return will be taken as true. [State ex rel. v. McQuil- lin, 262 Mo. 256.]

The facts show that on June 23, 1932, respondent, Leland B. An- derson, filed in the Probate Court of Clay County, an information in the form of an affidavit, stating that his father, Charles H Anderson, relator, was and had been a resident of Clay County more than sixteen years; that relator was possessed of real and personal property situated in said county and that he was of unsound mind and incapable of managing his affairs. On the same day respondent, Kirkland, as Judge, issued a notice to the relator which complies with the requirements of section 450, Revised Statutes 1929. The return recites that the notice "was issued" to the Sheriff of Wyan- dotte County, Kansas, to be delivered to relator, Charles H. Ander- son. The notice was duly served by the sheriff, and on August 5, 1932, relator applied to this court for a writ of prohibition and a temporary writ was issued, as before stated.

The only question to be determined is whether or not a process of this nature, served outside of the State, although the party served is a resident of this State, conferred jurisdiction upon the Probate Court of Clay County. We think not.

Beyond doubt this is a proceeding *in personam*. [Raher v. Raher, 150 Ia. 511.] In fact there is no contention to the contrary made in this case. The notice provided by section 450 is equivalent to process in ordinary civil actions and, unless it is properly served, the inquiry into the sanity is void. [State ex rel. v. Duncan, 195 Mo. App. 451.]

In the case of Moss v. Fitch, 212 Mo. 484, 501, the court said:

"So that we repeat that whatever may be holdings elsewhere, our court places the acquisition of jurisdiction upon which a personal judgment can be rendered, upon the fact of personal service of the party with process in this State. In other words, no process issued by the courts of this State and served upon the party defendant in another State can be the basis of a personal judgment. And this is true whether the party in fact is a citizen of this State or of an- other State. To be more explicit, when our process crosses the State line it loses its vitality as an instrument upon which a personal judgment can be rendered." [See also Raher v. Raher, supra.]

We have examined the case of State ex rel. v. Holtcamp, 218 Mo. App. 440, cited by respondents. A reading of page 447 of the opinion in that case shows that relatrix assigned five specific reasons why prohibition should be granted and that none of them involve the sufficiency of service upon relatrix while in a foreign state. It is true that on page 447 of the opinion the court said: "In this case the record discloses that service of the notice was in conformity with the requirements of the law." It would appear that, in using the language quoted from the opinion, the court had in mind the requirements of the law as to the issuance and manner of service of the notice rather than the place of its service. However, if it can be construed as a statement that the notice was properly served in the State of Illinois, then it was mere *obiter dictum* because passing on a question not raised. Therefore, it is not binding upon this or any other court, including the St. Louis Court of Appeals. Consequently, we do not consider our decision in conflict with that of that court in the Holtcamp case. It is apparent that the Probate Court of Clay County has not obtained jurisdiction to proceed in this cause and, therefore, the preliminary writ of prohibition is made permanent. All concur.