STATE OF MISSOURI at the Relation of GEORGE F. ADDISON, Relator, v. J. H. BOWRON, Judge of the Circuit Court of Dent County.— 75 S. W. (2d) 850.

Court en Banc, October 9, 1934.

*Geo. F. Addison* for relator.

*G. L. Gamblin* for respondent.

FRANK, C. J.—Prohibition: Relator, George F. Addison, and one S. R. Miner were candidates for the nomination for Prosecuting Attorney of Dent County, on the Democratic ticket at the August primary election, 1934. According to the returns of the election and the certificate of the canvassing board, Addison was nominated. Miner instituted a suit in the Circuit Court of Dent County, to contest the nomination of Addison. Addison appeared in the circuit court and moved to dismiss the cause on the ground that the court was without jurisdiction because the contest was not instituted within the statutory period of five days after the canvassing board certified the result of the canvass of votes. The circuit court heard evidence on the motion to dismiss, and at the conclusion of such evidence overruled the motion. Relator then sought the intervention of this court by prohibition. Our provisional rule issued, to which respondent made return, and relator moved for judgment on the pleadings.

The statute authorizing contests of primary elections is found in Laws of Missouri 1931, page 205 (Mo. St. Ann. secs. 10293a-10293e). That part of Section 1, Laws of Missouri 1931, providing the time within which contests may be instituted reads as follows:

"Any candidate whose name appeared upon the primary ballot of any political party at any primary election held in any of the election precincts or voting districts in this State who desires to challenge the correctness of the count and returns for the office for which he was a candidate, may at any time within five days after any canvassing board or board of election commissioners shall have certified the result of the canvass of the votes as provided by Section 10274 of the Revised Statutes of 1929, first serving a written notice upon the contestee of his intention so to do, file his verified petition

in the office of the clerk of the circuit court of the county, or counties or city where irregularities are alleged to have occurred.''

The above statute provides that the canvassing board shall certify the result of the canvass of the votes as provided by Section 10274, Revised Statutes 1929. That section reads as follows:

''The county canvass of the returns of a primary shall be made by the same officers, and in the manner as now provided by law, for the canvass of returns of a November election. The canvassers shall meet and canvass such returns at ten o'clock on the Friday following the primary. Their returns shall contain the whole number of votes cast for each candidate of each political party, and a duplicate as to each political party shall be delivered to the county chairman of such party. The canvassers shall also make an additional duplicate return in the same form, showing the votes cast for each candidate not voted for wholly within the limits of the county. The county clerk shall forthwith send to the Secretary of State, by registered mail, one complete copy of all returns as to such candidates, and he shall likewise send to the chairman of the state central committee of each party a duplicate copy of the returns last described relating to such candidates of each party.''

By the terms of Section 1 of the 1931 Act to which we have called attention any candidate desiring to contest a primary election must serve a written notice upon the contestee of his intention so to do, and also file his verified petition in the office of the clerk of the circuit court within five days after the canvassing board shall have certified the result of the canvass of the votes. In the instant case the contestant served the contestee with written notice of his intention to contest, and filed his verified petition in the office of the clerk of the circuit court on August 16, 1934. The disputed question in the case is the date upon which the canvassing board certified the result of the canvass of the votes. Relator contends it was done on August 10, 1934, while respondent contends it was done on August 11. If the result of the canvass of the votes was certified on August 10, the institution of the contest on August 16, was not within five days after the certification of the result of the canvass of the votes, and for that reason the circuit court would not have jurisdiction to determine the contest. On the other hand, if the result of the canvass of the votes was certified on August 11, the contest was brought within the five-day limit and the circuit court has jurisdiction to proceed with the case to a final determination.

■ Where the jurisdiction of a circuit court depends upon facts which are conceded, the question of its jurisdiction then becomes one of law which this court may determine in a prohibition proceeding. On the other hand, where, as here, the jurisdiction of the circuit court depends upon disputed questions of fact, that court has

the right to determine its own jurisdiction from the facts before it, and prohibition will not be granted to prevent it from so doing. [State ex rel. v. Caulfield, 245 Mo. 676, 679, 150 S. W. 1047; State ex rel. v. Duncan, 195 Mo. App. 541, 545, 193 S. W. 950; State ex rel. Aufderheide v. Stolte, 1 S. W. (2d) 209, 214.]

It appears from respondent's return that the circuit court heard the following evidence on the motion to dismiss the proceedings for want of jurisdiction.

"G. A. Smalley being duly sworn testified as follows:

" 'That he is the deputy County Clerk of Dent County, Missouri, and as such was present at the convening of the Board of Canvassers who canvassed the results of the primary election held in Dent County, Missouri, on August 7th, 1934. That said Board of Canvassers met as required by statute on the Friday following said primary election namely on August 10th, 1934. That he was present during all the time that they attended upon their duties and acted as such board of canvassers, and that he was present at the time they completed their work and saw them sign the certificates to the abstract of votes made by them and whereby they certified the result of said canvass. That they completed their work and signed said certificates on Friday, August 10th, 1934, and on said date left the Court House and did not thereafter return or re-convene at any time as a Board of Canvassers. That he prepared certificates so signed by said Board of Canvassers, prior to the date of the convening of said Board, leaving the day of the month blank, and that said Board when signing said certificates neglected to fill in the blank so left as to the date of the month.

" 'That on the following day after said Board adjourned, in making up a transcript of said canvass to be certified to the Secretary of State observed the blank which the Board had failed to fill in, and that he there inserted in the two copies which he afterward delivered to the Chairman of the Democratic and Republican Committees of Dent County, Missouri, the date of the 11th of August, 1934. That the official copy on file in the office of the County Clerk of Dent County, Missouri, remains at this time as the board left it, with the day of the month blank.

" 'That regardless of the dates inserted in any copies made by him, the Board of Canvassers completed their work, signed their certificates and adjourned on Friday, the 10th day of August, 1934.'

"Wm. P. Elmer, being duly sworn, testified as follows:

" 'That he is Chairman of the Republican County Committee, and that the copy of abstracts of canvass of primary vote of August 8, 1934, as delivered to him by G. A. Smalley bears date of August 11, 1934, in certificate attached thereto. That said copy was delivered to him some time the first of the week following.' "

After hearing the evidence on the motion to dismiss, the court made the following finding:

"Upon such pleadings and the evidence the Court found that the return of the canvassers in the primary election was made and certified to on the 11th day of August, 1934, as required by Section 10274, Revised Statutes of Missouri, 1929, and hold that notice served and the petition filed on the 16th day of August, 1934, was filed within five (5) days from the date of the certification of the returns of said primary election by the canvassers thereof; that the return could not be impeached by showing that the work of canvassers was actually completed at some day previous to the date the returns were certified to by them, and the duplicates prepared for the Chairman of the Democratic County Committee of Dent County, Missouri; the Chairman of the Republican County Committee; the Secretary of State; the Chairman of the Democratic State Central Committee of Missouri, and the Chairman of the Republican State Central Committee of Missouri."

The court was correct in hearing evidence as to the date when the canvassing board certified the result of their canvass of the votes, because that was a disputed question of fact. ■ The evidence of Smalley, deputy county clerk, tended to show that the board certified the result of their canvass on August 10, 1934. If, as Smalley testified, the board canvassed the returns on Friday, August 10, and at that time signed the certificate to such canvass, it amounted in law to a certification of the result of the canvass of the votes on August 10, although the certificate was not dated. The legal effect and the correctness of the certificate of the canvassing board would not be destroyed because it did not contain a date showing when it was made, especially so, in view of the fact that the statute does not require the certificate to be dated.

Viewing the case from another angle, the duplicate of the certificates of the result of the canvass which was delivered to the two county chairman, being dated on August 11, tended to show that the certification was made on that date.

It appears from the finding of the circuit court heretofore set out that it treated the date of August 11, appearing on the duplicate certifications delivered to the two county chairmen, and others, as binding and conclusive evidence of the date when the certification was made, without giving any consideration whatever to the oral testimony of the deputy clerk to the effect that the returns were canvassed and the certificate to the result of such canvass was actually signed by the members of the canvassing board on August 10, 1934, although such certificate was not dated. We are not saying that the circuit court should have believed or disbelieved the oral testimony of this witness. What we do say is that his evidence was competent

and should have been considered by the court together with all other evidence offered, and if from a fair consideration of all the evidence. the court believed that the members of the canvassing board canvassed the returns on August 10, and on that date signed the certificate to the result of the canvass although such certificate was not dated, it should have so found, and treated August 10, as the lawful date of certification. On the other hand, if the court believed from a consideration of all the evidence that the members of the canvassing board did not sign the certificate until August 11, it should have so found and treated August 11, as the lawful date of certification. The error of the court was in treating as conclusive the date of August 11, appearing on the duplicate certifications, and in not giving consideration to the oral testimony, but we cannot correct such errors in this proceeding.

It might be said that since we have no authority in this proceeding to correct the errors of the trial court or direct it what to do, we have gone far afield in discussing them. Ordinarily we would not discuss a question which we have no authority to decide, but in view of the fact that the statute provides that the judgment of the circuit court in the contest proceedings will be final and conclusive from which no appeal lies, we feel that justice demands that we point out the errors although we have no authority to correct them, thereby giving the trial judge an opportunity to make the correction if he be so advised.

Where, as in this case, the trial court's jurisdiction depends upon disputed questions of fact, that court has authority to determine the question of jurisdiction from the facts before it.

For the reasons stated, our provisional rule in prohibition heretofore issued should be discharged. It is so ordered. All concur.