JOHNSON & WIFE, Defendants in Error, v. SMITH'S ADMINISTRATOR, Plaintiff in Error.

1. The trusts not reached or affected by the statute of limitations are those technical and continuing trusts that are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of courts of equity.
2. If a person, assuming to act as guardian for another without any legal authority so to do, should receive moneys to be appropriated to the latter's benefit, the statute of limitations would commence to run immediately, unless the existence of a disability should prevent it.

*Error to Callaway Circuit Court.*

*Boulware* and *Kouns*, for plaintiff in error.

I. A guardian *de son tort* is a character unknown to the law. The court instructed the jury erroneously.

*Jones* and *Hayden*, for defendants in error.

I. No objection is made to the instructions in the motion for a new trial. (15 Mo. 515; 13 Mo. 215; id. 455; 26 Mo. 530.) Error in instructions can not be reached by motion in arrest. (10 Mo. 698.) The court did not err in giving or refusing instructions. (19 Mo. 102; 18 Mo. 249; 17 Mo. 382, 49; 8 Mo. 522.)

RICHARDSON, Judge, delivered the opinion of the court.

William O. Johnson and wife, in May, 1857, presented, for allowance in the county court, an account against Smith's

estate for two sums of money received respectively in 1835 and 1845 by Smith, for the use of Mrs. Johnson before her marriage. Smith died in 1855. It appears that after the death of Robert Carter, who resided in Kentucky, Smith, who was the uncle of Carter's children, one of whom is Mrs. Johnson, received for the children a small sum of money, which they had inherited from the father; and he assumed to act, without appointment, as their guardian in the management and control of the same; and, at another time, he received in like manner a small estate, which descended to Carter's children from their grand-mother who died in Virginia. Smith paid several of the children their shares; and, a short time before his death, admitted that he was indebted to Mrs. Johnson for money in his hands as her guardian. It may be assumed that Smith was never appointed guardian for Carter's children by any court or officer; for it is remarked in the brief of the plaintiff's counsel that " there is no pretence that he was a guardian *strictissimi juris*, but that he assumed to act in a fiduciary capacity." Mrs. Johnson's age is not stated, and it is not shown that she was prevented from bringing her suit sooner by reason of any statutory disability. The court in effect instructed the jury, that the plaintiff's right of action was not barred by limitations if the deceased acted as Mrs. Johnson's guardian or received the money for her while acting as such. The instruction is defended on the ground that the money was received by Smith in a fiduciary capacity, and that a trust was thereby created, which withdrew the plaintiff's demand from the operation of the statute of limitations.

The term *trust*, in its general sense, has a wide scope, and is applied to a great variety of the transactions of life. Every bailment is a trust, and the relation of trustee and *cestui que trust* is created whenever one person receives money for another's use, or engages to apply it to a particular purpose and fails to do so. In such cases a certain and ordinary remedy exists at law; and a defendant can not be denied the protection of the statute by calling him a trustee and suing

him in a court of equity. The rights or defences of parties are not altered by calling things by other names, and they are not made to depend on the forum in which the controversy may be determined. There is undoubtedly a class of trusts to which the defence of the statute of limitations can not be interposed, but such cases are distinguished by peculiar marks, and fall within the intelligible and definite rule laid down by Chancellor Kent in Kane v. Bloodgood, 7 John. Ch. 110, "that the trusts intended by the court of equity not to be reached or affected by the statute of limitations are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of courts of equity."

The facts in this record present nothing more than the case of one person receiving money for another's use, which could have been recovered under the common counts in an action of assumpsit for money had and received; and the essential character of the transaction was not changed by the intestate's calling himself the plaintiff's guardian. If he had been a regular guardian duly appointed, he might have retained the money until ordered by the court, from which his authority was derived, to pay it over, or until his ward became of age; but, as the facts of the case appear, he could have been compelled, at any time, at the pleasure of Mrs. Johnson, to account and pay to her all he had received.

It can not be said that there was no limitation on the right of action, and that the statute did not apply at all to the case, and, if time did not begin to run against the demand when Mrs. Johnson became of age, there is no period at which the cause of action was brought within the operation of the statute of limitations. That can not be, for this action is not distinguishable from the ordinary one of money received by one person to be paid to another, in which case limitation would begin not from the time of demand and refusal, but from the time there was a cause of action, which accrued when the money was received.

It was decided in the case of the State, to the use of Wha-

ley, v. Blackwell, 20 Mo. 97, that the statute of limitations began to run in favor of an administrator against a distributee of an estate from the date of the final settlement and order of distribution. In this case there was no court in which a settlement could be made, or that could order the money in Smith's hands to be paid over ; but as he was bound to pay it at any time, in our opinion the cause of action accrued when the money was received, and the statute then began to run against the plaintiff's demand unless Mrs. Johnson was under a disability.

The judgment will be reversed and the cause remanded ; Judge Scott concurring. Judge Napton absent.