LILLIAN STETINA, Respondent, v. CHARLES BERGSTEIN, Administrator of the Estate of KATHRINE ZACEK, deceased, Appellant.

St. Louis Court of Appeals. Opinion Filed May 4, 1920.

1. GUARDIAN .AND WARD: Minor Turning Over Earnings to Grandmother: Guardianship De Son Tort. Where a minor turned her earninegs as received over to her grandmother who was not her legally appointed guardian, who after providing food, clothing and shelter, was to account to the minor for the balance in her hands, the grandmother being without legal appointment or qualification exercising control over the estate of the minor, thereby became what is termed a *quasi* guardian or guardian *de son tort.*

2. TRUSTS AND TRUSTEES: Guardianship De Son Tort: Trust Settled: . Money Had and Received. Ordinarily, where a trust relation exists between the parties, and the trust has been settled, and the balance agreed upon, or where there is no question as to the amount owing from the trustee to the cestui que trust, an action for money had and received will lie against the trustee.

3. GUARDIAN AND |WARD: Guadianship De Son Tort: Ward Attaining Age of Maturity: Money Had and Received. An action for money had and received will lie on behalf of a ward, upon the

Stetina v. Bergstein.

ward attaining the age of maturity, against the one who has assumed the relation of guardian without authority, and this is so even though the trust is an unsettled and open one.

4. **TRUSTS AND TRUSTEES: Express Trusts: Trust Accounts Unsettled: Action for Money Had and Received Will not Lie: Equity.** Where a granddaughter, after becoming of age turned her earnings as received over to her grandmother, who, after providing food, clothing and shelter, was to account for the balance in her hands the grandmother became trustee of an express trust by virtue of the agreement and arrangement between them; such trust being indefinite as to the amount chargeable against the trustee and as to what credit she was entitled, and no settlement of the trust having ever been had between the parties, an action at law for money had and received will not lie, the remedy being by bill in equity to obtain an accounting therefor.

5. **PLEADING: Improperly Uniting Legal and Equitable Causes of Action: Court Without Equitable Jurisdiction: Motion to Elect: Cannot be Considered.** Where a claimant filed a claim in the probate court against the estate of her grandmother, covering .items both before and after her majority, growing out of an agreement with the grandmother to the effect that the claimant was to turn her earnings as received over to the grandmother, and the grandmother after providing food, clothing and shelter was to account for the balance in her hands, the claimant had two causes of action against the grandmother, one to charge her as trustee by the relation of guardian and ward, which ceased when she reached the age of maturity, and another to charge her as trustee of an express trust of funds coming into hands subsequently to the majority of claimant, a motion to elect upon which cause of action claimant would stand filed at the close of her evidence, did not reach the defect, as claimant had no right to elect to proceed upon her equitable cause of action, nor did the court have power to entertain it in such proceedings, as the probate court had no equitable jurisdiction, and likewise the circuit court was without power to entertain an equitable cause of action on appeal from the probate court.

6. **COURTS: Probate Courts: Without Equitable Jurisdiction: Trusts.** Where a claimant filed a claim in the probate court against the estate of her grandmother for funds which came into the hands of the grandmother by virtue of an agreement which made her trustee of an express trust, which trust was indefinite as to the amount chargeable to the trustee and as to what credit she was entitled to and no settlement of the trust having ever been had between the parties, the probate court had no jurisdiction of said cause of action, same being an equitable action cognizable only in equity.

7. ——: ——: ——: **Appeals: Circuit Court Cannot Exercise Equitable Jurisdiction.** On appeal to the circuit court from the probate court, the circuit court is without power to entertain an equitable cause of action, as on appeal from the probate court the circuit court has only such jurisdiction as may be properly exercised by the probate court.

8. **EXECUTORS AND ADMINISTRATORS: Claims Against Estates Trust Relations: Instructions: Instruction Authorizing Recovery Erroneous.** Where a claimant filed a claim against an estate in the nature of an account containing legal and equitable items, on a trial on appeal to the circuit court there was sufficient evidence on the legal cause of action to warrant the court in submitting the case to the jury, but it was error for the court to submit the equitable cause of action to the jury and permit the jury to take into account the cause of action arising out of a trust relation, the settlement of which rested solely in equity for an accounting.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Victor H. Falkenhainer,* Judge.

REVERSED AND REMANDED.

*Pierre A. Vogel* for appellant.

*Harry G. Finley* and *Earl M. Pirkey* for respondent.

(1) In the probate court a petition is sufficient if it discloses the nature of the claim and informs the executor what he is called upon to meet. Rassieur v. Zimmer, 248 Mo. 181; Hinshaw v. Raines, 185 S. W. 1192; Christianson v. McDermott, Estate, 123 Mo. App. 448. (2) The law does not permit a litigant to assume inconsistent positions in court. Bensieck v. Cook, 110 Mo. 182. (3) When a litigant assumes a position inconsistent with a former position the former position is thereby abandoned. Dunklin County v. Clark et al., 51 Mo. 60; State ex rel. v. Bright, 224 Mo. 523, last paragraph. (4) It is permissible for a witness to testify to the totals added from figures in books. Masonic Mutual Benefit Society v. Lackland, 97 Mo. 137; State v. Findley, 101 Mo. 217. (5) Entries made in the usual course of business are admissible in evidence though

not sworn to by the party who made the entry. Avery v. Tucker, 137 Mo. App. 433; Anchor Milling Co. v. Walsh, 108 Mo. 280; Jonesboro, Lake City & Eastern Railroad Co. v. United Iron Works Co., 117 Mo. App. 165; Afflick v. Streeter, 136 Mo. App. 718. (6) Where books are made up from reports of time sheets the books themselves are competent evidence. Simmons v. Ingram, 78 Mo. App. 607; Mo. Elec. L. & P. Co. v. Carmody, 72 Mo. App. 535. (7) Objections to testimony must be specific. Masonic Mutual Benefit Society v. Lackland, 97 Mo. 137. (8) Objections to evidence cannot be made for the first time in the appellate court. Colley v. National Live Stock Insurance Co., 185 Mo. App. 616; Gate City National Bank v. Miners & Farmers Bank, 259 Mo. 552; Covell v. Western Union Telegraph Co., 164 Mo. App. 630.

BIGGS, C.—Plaintiff had judgment in the circuit court for $700, based on the following statement of account originally filed as a claim in the probate court, where she likewise had judgment:

St. Louis, Mo., May 23, 1916.

To Charles Bergstein, Administrator of the Estate of Kathrine Zacek, deceased.

To Lillian Stetina, formerly Lillian Rezney, Dr.

| | |
|---|---|
| To money loaned and advanced Kathrine Zacek under a continuous open account in various sums and amounts at various times between November 1, 1909, and July 6, 1915, ........................ | $1900.00 |
| Credits. | |
| By money repaid by said Kathrine Zacek in various sums and amounts at various times between November 1, 1909, and July 6, 1915, ....... | 700.00 |
| Balance due ...................... | $1200.00 |

Plaintiff is a granddaughter of Kathrine Zacek and had lived with her since 1901 when she was six years

of age. When of the age of fourteen years in 1909 plaintiff started to work, and her evidence tends to show that she turned her earnings as received over to her grandmother, who, after providing the plaintiff with food, clothing and shelter, was to account to plaintiff for the balance in her hands. The arrangement was not definitely established by the evidence, but it may be inferred from the declarations of the deceased Kathrine Zacek that it was her intention to keep said funds for the benefit of the plaintiff after providing for her board and clothing. This arrangement continued for about two years after the plaintiff reached the age of maturity, at which time Kathrine Zacek died.

Kathrine Zacek was not the legally appointed guardian of the plaintiff, and the plaintiff being a minor was unable to enter into any contractual relation in regard to her estate or earnings, and the result of the arrangement between the grandmother and the granddaughter was to constitute the grandmother a trustee of the funds of the plaintiff which came into her hands and for which she would be accountable. Kathrine Zacek being without legal appointment or qualification, exercised control over the estate of the minor and thereby became what is termed a *quasi* guardian or guardian *de son tort*.

By the statement filed in the probate court and by the evidence it is conceded by the plaintiff that Kathrine Zacek is entitled to claim credit against the funds in her hands for all sums reasonably expended by her for food, clothing and shelter furnished the plaintiff between the time she began turning over said funds to her grandmother in 1909 until the time of her grandmother's death in 1915. Although the plaintiff became of age some two years prior to her grandmother's death, there was never at any time a settlement between the parties and the trust remained an open and unsettled account until the grandmother's death.

This is an action for money had and received. Ordinarily where a trust relation exists between the par-

ties and the trust has been settled and the balance agreed upon, or where there is no question as to! the amount owing from the trustee to the *cestui que trust,* an action for money had! and received will lie against the trustee.

And it is the law of this State that an! action for money had and received will lie on behalf of a ward, upon the ward attaining! the age of maturity, against the one who has assumed the relation of guardian without authority, and this is so even though the trust is an unsettled and open one. [Johnson v. Smith's Administrator, 27 Mo. 591; Zeideman v. Molasky, 118 Mo. App. 1. c. 116, 94 S. W. 754.]

After the plaintiff became of age the same arrangement between herself and grandmother continued in the matter of her earnings and support, and it follows from this for the period prior to the time the plaintiff reached maturity Kathrine Zacek became charged as her trustee by reason of having acted as her guardian, and which trust grew out of that relation. Although this trust was unascertained and unsettled, still under the authorities above cited plaintiff had the right, upon reaching her majority, to bring an action for money had and received.

As to the funds coming into the hands of Kathrine Zacek subsequent to the time the plaintiff became of age, she was trustee of an express trust by virtue of the agreement and arrangement between her and the plaintiff. Such trust, however, was indefinite as to the amount chargeable against the trustee and as to what credits she was entitled, and no settlement of the trust was ever had between the parties. It is plain that under such circumstances an action at law for money had and received will not lie, the remedy being by bill in equity to obtain an accounting therefor. [Zeideman v. Molasky, supra; Ewing v. Parrish, 148 Mo. App. 492, l. c. 502, 128 S. W. 538.]

It follows that the plaintiff had two causes of action against Kathrine Zacek, one to charge her as trustee by reason of the relation of guardian and ward,

which ceased when plaintiff reached the age of maturity, and another to charge her as trustee of an express trust of funds coming into her hands subsequent to the majority of plaintiff under an agreement to account therefor. For the first cause stated she could, on reaching her majority as heretofore stated, maintain an action for money had and received, but as to the second cause her remedy lay solely in equity.

The defendant estate filed a motion at the close of plaintiff's evidence and also at the close of the case, to require plaintiff to elect upon which cause of action she would stand. It also filed a general demurrer to the evidence. Her cause of action, based on her earnings turned over to her grandmother subsequent to her majority and on account of which her grandmother was the trustee of an unsettled and unascertained trust cognizable only in equity, was commingled in one statement of account filed in the probate court with her claim against her grandmother growing out of the trust relation of guardian and ward.

The probate court had no jurisdiction of plaintiff's said cause of action cognizable only in equity, as that court has no equitable jurisdiction. On appeal to the circuit court, that court was likewise without power to entertain the equitable cause of action, as on appeal from the probate court the circuit court has only such jurisdiction as may be properly exercised by the probate court. This being true the motion to elect did not reach the defect, as plaintiff had no right to elect to proceed upon her equitable cause of action, nor did the court have the power to entertain it in this proceeding. Consequently there was no error in overruling the motion.

Defendant's general demurrer to the evidence was likewise properly overruled, as we think there was sufficient evidence outside of that objected to by the defendant to warrant the court in submitting the case to the jury on the cause of action growing out of the trust relation assumed by Kathrine Zacek when she under-

took to be guardian of plaintiff's estate and in charge of her earnings prior to her maturity.

In instructing the jury on behalf of plaintiff the court permitted the jury to take into account the money or earnings entrusted to Kathrine Zacek by plaintiff during the entire period from November 1, 1909, to July 12, 1915, which covered both causes of action herein referred to and which included that cause of action arising out of the trust relation, the settlement of which rested solely in equity for an accounting.

The giving of this instruction in this proceeding was error and is one of the complaints made against the judgment by defendant. The jury should have been told to disregard any earnings or funds entrusted to Mrs. Zacek subsequent to the time plaintiff reached her majority.

For the error noted the judgment should be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the Court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.

---

Reporter's Note: The above record, Stetina v. Bergstein, was quashed by Supreme Court on certiorari. See 227 S. W. 47.