ESTA M. SKELLY, Respondent, v. THE MACCA-
BEES, Appellant.*

In the Springfield Court of Appeals, May 13, 1925.

1. **INSANE PERSONS: Judgment of Probate Court Adjudging One to be Insane Held Void for Want of Proper Service.** Where proceedings were begun in probate court for sanity inquisition and notice of proceedings was served on person claimed to be insane in state asylum by a nurse, and such person was not present at the hearing of the matter, judgment of the probate court adjudging him to be insane was void and of no effect because of failure to serve notice on such alleged insane person as required by law, section 446, Re-

Skelly v. The Maccabees.

vised Statutes of 1919; and appointment of attorney to represent such person at hearing could not take the place of service

2. ———: Notice Required in Sanity Inquisition is Jurisdictional. The notice required by section 446, Revised Statutes of 1919, to alleged insane person in sanity inquisition is jurisdictional, and corresponds to the summons in ordinary actions.

3. ———: Service in Sanity Inquisition Must be by Officer. The service of the notice provided for in sanity inquisitions, section 446, Revised Statutes of 1919, must be by the sheriff or other proper officer of the court, and not by private individual.

4. SERVICE OF PROCESS: Statute Construed. Under section 1217, Revised Statutes of 1919, it is only after a party is in court that service of notice may be made by a private individual as therein provided.

5. INSANE PERSONS: Judgment Adjudging Person Insane, Void for Want of Jurisdiction, Subject to Collateral Attack. A judgment adjudging one insane, when wholly void for want of jurisdiction is subject to collateral attack.

6. ———: Trusts: Relation of Trustee and Cestui Que Trust was Created Between Insured and De Facto Guardian. As between insured and *de facto* guardian, acting under void probate proceedings adjudging insured insane, receiving amount payable under policy as such guardian, and expending money for insured and his family, the relation of trustee and *cestui que trust* was created.

7. INSURANCE: Payment under Policy to De Facto Guardian of Insured When He Was Adjudged Insane Held Not to Prevent Recovery by Beneficiary. Where policy provided for payment to insured in case of disability, and payment was made to *de facto* guardian of insured, acting as such under void judgment declaring insured insane, and the beneficiary in the policy was not a party to such proceedings, beneficiary was not precluded by such payment from recovering on the policy after death of insured, in view of section 6403, Revised Statutes of 1919.

*Headnotes 1. Insane Persons, 32 C. J., Section 185; 2. Insane Persons, 32 C. J., Section 185; 3. Insane Persons, 32 C. J., Section 188; 4. Insane Persons, 32 C. J., Section 188; 5. Insane Persons, 32 C. J., Section 185; 6. Insane Persons, 32 C. J., Section 412; 7. Insane Persons, 32 C. J., Section 395.

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson,* Judge.

AFFIRMED.·

R. P. & C. B. Williams and John E. Owen, all of St. Louis, for appellant.

(1)  The five hundred dollars due on the certificate at the time the same was paid to Mrs. Beatrice Skelly, as guardian, was due to the member Raphael Clay Skelly and the plaintiff had no interest therein and cannot complain that the amount was paid to Beatrice Skelly, as guardian, or otherwise, for the benefit of the member. Ryan v. W. B. A. of M., 209 Mo. App. 515-521; Secs. 6403, 6433, R. S. 1919.  (2)  Mrs. Beatrice Skelly, as the guardian of Raphael Clay Skelly, received from the defendant five hundred ($500) dollars due on the certificate and expended the same for the benefit of Raphael Clay Skelly.  The same should be credited on the one thousand dollars ($1,000) provided in the certificate, whether the appointment as such guardian was void or not.  By the receipt of the money and the payment thereof for the benefit of the member, she became a *quasi*-guardian, a guardian *de son tort* or a *de facto* guardian, as held by the different courts. Seideman v. Molasky, 118 Mo. App. 106-114; Spetina v. Bernstein, 204 Mo. App. 366; Bank v. Shanklin, 174 Mo. App. 639-645; Johnson v. Smith, 27 Mo. 591; Werner's American Law of Guardianship, p. 76, in re Gilfillan Estate, 170 Pa. 185, 32 Atl. 585; Smith v. Camerson, 158 Mich. 175, 122 N. W. 564; Corbitt v. Carroll, 50 Ala. 315; Bailey v. Bailey, 67 Vt. 494. 32 Atl. 470. (3) The plaintiff having known of the appointment of the guardian of the person and estate of Raphael Clay Skelly, and having received a portion of the funds in payment of a claim against the insane person, and having known that the fund was paid to others, would not now be allowed to challenge the legality of the payment by defendant of the five hundred dollars $500) to Beatrice Skelly.  (4)  The money being justly due from defendant to Raphael Clay Skelly under the

terms of the certificate, and the same having been paid to Beatrice Skelly, as guardian, for the benefit of the member, he or his personal representative would be the only ones who could complain against said payment and call upon the person to account as *quasi-guardian* or *de facto* guardian. Bailey v. Bailey, 67 Vt. 494, 32 Atl. 470; Also authorities cited under paragraph two.

*Claud Kenney* and *Owen & Davis,* all of Joplin, for respondent.

(1) Appellant attempts to justify the payment of the five hundred dollars to Beatrice Skelly on the grounds, to-wit: (1) that she was, at the time of the payment of said sum to her, the duly appointed, qualified and acting guardian of the person, and the curator of the estate of, Raphael Clay Skelly; (2) that she was a *quasi*-guardian, or guardian *de son tort,* or guardian *de facto* of said Raphael Clay Skelly, if not guardian *de jure,* and that it therefore had the legal right to pay to her said sum; (3) and that plaintiff had full knowledge of the claim made upon the defendant by Beatrice Skelly for said five hundred dollars and the payment thereof to her for his benefit, and for the benefit of his wife and child. Plaintiff, on the other hand, contends that the payment of said five hundred dollars to Beatrice Skelly cannot be upheld under any theory, and that it was wholly unauthorized. (2) Section 446, R. S. 1919, provides that the party under investigation, and who is sought to be placed under guardianship, must be notified of the proceedings. The notice required by said section must be in writing and must be served upon the party under investigation by an officer authorized to serve a summons. Such notice is jurisdictional, and takes the place of and corresponds to the summons in an ordinary civil action. State ex rel. v. Duncan, 195 Mo. App. 551; State ex rel. v. Robinson, 270 Mo. 212, 223-229; Hunt v. Searcy, 167 Mo. 158; Crow v. Myersieck, 88 Mo. 411; 32 Cyc. 453. (3) Service of notice by a private person under section 1217, R. S. 1919, refers only to notices which

may be served after a party has been brought into court, and not a notice which takes the place of and performs the office of a summons. State ex rel. v. Robinson, 270 Mo. 226; Wilson v. Ry. Co., 108 Mo. 594, 595. (4) Service of notice not in accordance with the law is a nullity, and brings no one into court. State ex rel. v. Robinson, 270 Mo. 228; Wilson v. Ry. Co., 108 Mo. 595; 36 Cyc. 453. (5) And mere knowledge of the inquisition proceedings by Skelly did not give the court jurisdiction over his person. Miners' Bank v. Kingston, 204 Mo. 687. (6) The return to the citation served upon Skelly purports to have been made by reading same to him and by delivering to him a copy thereof, on September 19, 1922, by Mary Blanche Moss. The citation is not directed to any officer, and the return does not purport to be made by an officer. However, the evidence in the case shows that Mary Blanche Moss was a private person, a Red Cross nurse. Under the authorities above cited, the service was a nullity and the court, therefore, had no jurisdiction over the person of Skelly, and the judgment of inquisition is void, as held in the above cases. The judgment of inquisition, which was read in evidence recites that Raphael Clay Skelly's mental condition was such that he could not be brought before the court, and that his attendance at the investigation was, therefore, dispensed with, and that George Crowder, attorney, appeared for the insured. It is not contended that Skelly appeared by George Crowder, attorney. However, the evidence in the case shows that the probate court appointed Mr. Crowder, as provided by statute, to appear for Skelly. No objection was made to this evidence, and none could have been legally made to its introduction. All that part of the statute which permits and authorizes the court to appoint a guardian, after having spread upon the record the reasons why notice was not given, does not constitute due process of law, and is void; and likewise the appointment and appearance of an attorney to represent the person whose sanity is under

217 Mo. App.—22.

investigation does not constitute due process of law. Shanklin v. Boyce, 275 Mo. 5; Hunt v. Searcy, 167 Mo. 158. (7) The judgment of inquisition being null and void for want of jurisdiction over the person of the insured, its validity was subject to collateral attack by plaintiff. 1 Black on Judg., sec. 220; 23 Cyc. 1068, 1070; McIntyre v. Frisco Ry. Co., 286 Mo. 246; Russell v. Grant, 122 Mo. 161; Kellogg v. Moore, 271 Mo. 189; Park v. Gibson, 268 Mo. 394; Adams v. Cowles, 95 Mo. 507; Hendrix v. Hendrix, 103 Mo. App. 44; Potter v. Whitten, 161 Mo. App. 118. (8) Even, in actions *in rem*, such as attachment suits, the court must have jurisdiction over the person of the defendant, or the judgment will be null and void, and can be attacked collaterally. Graves v. Smith, 278 Mo. 592; Givens v. Harlow, 251 Mo. 243; Shea v. Shea, 154 Mo. 599, 145 Mo. App. 158. (9) If this suit was one by the executor or administrator of the insured against Beatrice Skelly for money had and received by her for his use and benefit, or for an accounting, the cases cited by appellant would be decisive of the right of the plaintiff, in such suit, to recover; but that is not this case. No one questions the right of A to sue B for money had and received to the use of A, or to sue for an accounting, if B, whether rightfully or wrongfully, collects money due to, or rightfully belonging to, A. That is all that is decided in the cases cited in brief of appellant. If Raphael Clay Skelly had not died, his guardian *de jure* could have sued and recovered of defendant the five hundred dollars paid to Beatrice Skelly, notwithstanding defendant, in good faith, had paid the same to Beatrice Skelly, and notwithstanding she may have expended it in good faith for his benefit. Defendant, by its contract with the insured, agreed to pay to him, under certain specified circumstances or conditions the one-half of the amount of the certificate of insurance, and not that it would, under said circumstances or conditions, pay the one-half for his use and benefit. (10) The answer of the defendant does not plead facts sufficient to constitute an

estoppel *in pais* against the plaintiff, and that defense is therefore not available to the defendant. It is a well-understood rule in this State that, in order for an estoppel *in pais* to constitute a defense, the facts showing such estoppel must be pleaded. Gillen v. Ins. Co., 178 Mo. App. 89, 106; Dibert v. D'Arcy, 248 Mo. 617, 661; Telephone Co. v. St. Louis, 268 Mo. 485, 498; Thompson v. Lindsay, 242 Mo. 53, 76; Grooms v. Morrison, 249 Mo. 550. (11) It is elementary learning that the party relying upon equitable estoppel must have been misled to his injury by reason of the conduct of the party, or by reason of some representation or statement made by the party, against whom the estoppel is asserted. Trust Co. v. Keck, 283 Mo. 209, 223; Matthews v. VanCleve, 282 Mo. 19; Pouder v. Colvin, 170 Mo. App. 185, 194; DeLashmutt v. Teetor, 261 Mo. 412; Thompson v. Lindsay, 242 Mo. 53, 76. (12) Furthermore, the evidence shows that plaintiff had no knowledge or information of the application of Beatrice Skelly for the payment of said $500 to her and the payment thereof to her until after she mailed to defendant proofs of the death of the insured, at which time she learned for the first time of said application and the payment of said $500 to Beatrice Skelly. (13) It is a well-understood rule of law that the party sought to be estopped by conduct must have had, at the time of the transaction claimed to constitute the estoppel, knowledge of the facts constituting the estoppel. Pouder v. Colin, 170 Mo. App. 55; De Lashmutt v. Teetor, 261 Mo. 412, 441, 442; Harrison v. McReynolds, 183 Mo. 533; Action v. Dooley, 183 Mo. 533; Garesche v. Ins. Co., 146 Mo. 451, 452. (14) Estoppels are not favored, and the facts upon which an estoppel is predicated should be closely and critically scanned, and the facts relied upon as constituting the estoppel must clearly come within the law of estoppel. Wyatt, etc. v. White, 192 Mo. App. 559.

BRADLEY, J.—This is a suit by the beneficiary to recover on a fraternal insurance policy in the sum of

$1000. Trial was had before the court without a jury and plaintiff obtained judgment as prayed and defendant appealed.

The petition is in the usual form. The answer pleads payment of $500, under provisions of the policy, to insured's guardian. A reply challenges the legality of this payment.

The policy was issued to R. S. Skelly December 11, 1913, and his sister, plaintiff herein, was named as the beneficiary. Insured married in 1920, but made no change of beneficiary in the policy. The policy, so far as pertinent, provided: "If, by reason of accident, sickness or disease the member shall become totally and permanently disabled from performing or directing any kind of labor or business . . . he shall be entitled to receive in one sum the one-half of this certificate."

September 20, 1922, insured was adjudged insane by the probate court of Jasper county, and his wife Beatrice Skelly was appointed as his guardian. Previous to the inquisition in the probate court insured had been committed to the asylum at Nevada, Mo., and was there at the time of the probate court proceedings. After insured was adjudged insane and the appointment of a guardian for him defendant under the provision of the policy quoted paid to said guardian the sum of $500, and the money so paid was expended for the benefit of insured and his family. Insured died in the asylum April 26, 1923.

Plaintiff contends that the judgment in the probate court adjudging insured to be insane is void because of a lack of service upon the insured. Sections 444 et seq., Revised Statutes 1919, prescribe the procedure for a sanity inquisition in the probate court. Notice of the proceedings was served upon insured in the asylum at Nevada by a nurse. The notice required by section 446 is jurisdictional, and corresponds to the summons in ordinary actions. [State ex rel. v. Duncan, 195 Mo. App. 541, loc. cit. 551, 193 S. W. 950; State ex rel. v.

Robinson, 270 Mo. 212, loc. cit. 229, 192 S. W. 1001; Hunt v. Searcy, 167 Mo. 158, 67 S. W. 206; Crow v. Myersieck, 88 Mo. 411.] The service of the notice provided for by section 446 must be by the sheriff or other proper officer of the court. It is only after a party is in court that service of notice may be made by a private individual as provided in section 1217, Revised Statutes 1919. [State ex rel. v. Robinson, supra.] Insured was not present at the hearing in the probate court, but the court appointed an attorney to represent him. This, however, could not take the place of service and there is no such contention. There can be no escape from the conclusion that the judgment of the probate court adjudging insured to be insane is absolutely void and without effect because of failure to serve notice upon insured as required by law. Said judgment, being wholly void for want of jurisdiction, is subject to collateral attack. [Hunt v. Searcy, 167 Mo. 158, 67 S. W. 206; Bank v. Shanklin, 174 Mo. App. 639, 161 S. W. 341; Kellogg v. Moore, 271 Mo. 189, loc. cit. 192, 196 S. W. 15; Russell v. Grant, 122 Mo. 161, 26 S. W. 958; Givens v. Harlow, 251 Mo. 231, 158 S. W. 355; Howell v. Sherwood, 213 Mo. 565, 112 S. W. 50; 23 Cyc. 170; 34 C. J. 528, sec. 834.] Since the sanity inquisition judgment was void it follows, of course, that the appointment of the guardian was also void.

Defendant does not seriously contend that there is any life in the probate proceedings adjudging insured to be insane and appointing a guardian for him. The contention, however, is urged that Beatrice Skelly was at least, a *de facto* guardian, sometimes called *quasi*-guardian and guardian *de son tort,* and that since she received the $500 from defendant as such *de facto* guardian, and having expended said money for insured and his family, plaintiff, the beneficiary, cannot complain. As between insured and Beatrice Skelly, the *de facto* guardian, the relation of trustee and *cestui que trust* was created by virtue of the void probate proceedings, and

her action there under. [Zeideman v. Molasky, 118 Mo. App. 106, 94 S. W. 754; Stetina v. Bergestein, 204 Mo. App. 366; 221 S. W. 420; Bank v. Shanklin, 174 Mo. App. 639, 161 S. W. 341; Johnson v. Smith, 27 Mo. 591.] This principle has long been observed in this State, but such cannot affect the rights of plaintiff as she was not a party to the guardianship proceedings and was in no manner connected therewith. It is true that plaintiff as the beneficiary had no vested interest in the policy sued on prior to insured's death, Section 6403, Revised Statutes 1919, but upon the death of the insured plaintiff's theretofore contingent interest in the policy became vested and certain. Defendant seeks to lessen plaintiff's rights by the interposition of the void sanity inquisition and guardianship and its payment of $500 upon the faith of the validity of those proceedings. We do not think that the defense based on the void sanity inquisition is tenable. Defendant in its brief mentions estoppel. Such defense is not pleaded, and there are no facts in the record which would support a judgment defeating plaintiff's claim on the theory that she is estopped.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.